Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8011 | **DATE** | 5/25/2001 |
| **CASE TITLE** | Daniel Panfil vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants McHenry County and Keith Nygren's motion to dismiss [15-1] is granted. This actions is dismissed without prejudice. The court declines to retain supplemental jurisdiction over the state claims against McHenry County and Keith Nygren for wrongful arrest and detention. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 30 2001 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 MAY 29 PM 4:50 | 5/25/2001 date mailed notice | |
| SB | courtroom deputy's initials | | mdf | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| Daniel Panfil | ) | | |
| | ) | | |
| Plaintiff, | ) | No. 00 C 8011 | |
| | ) | | |
| v. | ) | Suzanne B. Conlon, Judge | |
| | ) | | |
| City of Chicago, et al. | ) | | |
| Defendants. | ) | | |

DOCKETED
MAY 3 0 2001

## MEMORANDUM OPINION AND ORDER

Daniel Panfil sues the City of Chicago, Gerald Ciesla, individually and in his representative capacity as a Chicago police officer, Keith Nygren, individually and in his capacity as the Sheriff of McHenry County, and the County of McHenry (collectively "defendants") for civil rights violations by depriving him of his liberty without due process of law under 42 U.S.C. § 1983 (Count I), recovery of reasonable attorneys' fees under 42 U.S.C. § 1988 (Count II), and pendent state claims of wrongful arrest and detention (Count III). McHenry County and Nygren move to dismiss.[1]

## BACKGROUND

The court accepts well-pleaded allegations as true and draws all reasonable inferences in Panfil's favor. Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000). In late 1999, the Circuit Court for McHenry County, Illinois, issued a warrant for the arrest of Dale Panfil, the brother of Daniel Panfil. On December 24, 1999, Ciesla, an officer of the Chicago Police Department, arrested Panfil pursuant to the McHenry County warrant. Panfil informed Ciesla that he

---

[1] The court dismissed Panfil's claims against the city and Ciesla in a separate opinion issued on May 23, 2001.

19

was Daniel Panfil, not Dale Panfil, and produced a driver's license that identified him as Daniel Panfil. Ciesla transported Panfil to the Chicago Police Department Jefferson Park (16th District) station. Panfil was processed and then transported to the Cook County Jail. On December 26, 1999, Panfil was transferred to the McHenry County Jail and taken before a magistrate the next morning. He pleaded not guilty and moved for his release. While in defendants' custody, Panfil was allegedly denied access to medication prescribed for his recently operated throat, causing bleeding. Panfil was released four days after his transfer.

## DISCUSSION

### I. Motion to dismiss standard

In deciding a motion to dismiss, the court considers whether relief is possible under any set of facts consistent with the complaint's allegations. Pokuta v. TWA, 191 F.3d 834, 839 (7th Cir. 1999). A motion to dismiss will be granted only if no set of facts would warrant relief. Frieri v. City of Chicago, 127 F. Supp.2d 992, 994 (N.D. Ill. 2001). However, the court must not ignore facts set forth in the complaint that undermine the plaintiff's claim. LeBlang Motors, Ltd. v. Subaru of Am., Inc., 148 F.3d 680, 690 (7th Cir. 1998). A motion to dismiss tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

### II. § 1983 [Count I]

#### A. McHenry County and the McHenry County Sheriff

##### 1. Failure to plead constitutional injury a result of municipal policy

To state a claim against McHenry County and the McHenry County Sheriff under § 1983, Panfil must plead that his constitutional injury resulted from a municipal policy. Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 692 (1978). *Respondeat superior* liability is not permitted

2

against a municipality. Id. To plead an injury results from a municipal policy, Panfil must allege either that the city had "an express policy" that, when enforced, caused a constitutional deprivation; or that the city had "a widespread practice" that, although not authorized by written law or express municipal policy, was so permanent and well-settled as to constitute a "custom or usage" with the force of law; or that the constitutional injury was caused by a person with "final policy-making authority." McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). Panfil fails to allege that a municipal policy caused his constitutional injury. Panfil acknowledges this deficiency, but responds that he is "now prepared to allege that the McHenry County and Sheriff Nygren as warden of said County's jail has a widespread practice at its jail of not verifying the identity . . . of an arrestee being processed and said practice is so permanent and well-settled at the facility that it is a custom or usage with the force of law." Pl. Resp. at 3. Panfil cannot amend his complaint in a response to a motion to dismiss. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984); Solon v. Kaplan, No. 00 C 2888, 2001 WL 123769, at *4 (N.D. Ill. Feb. 13, 2001). Additionally, although Panfil also sues Nygren in his individual capacity, it is clear from the complaint that he has not alleged Nygren had any personal involvement in Panfil's claims. Stone-El v. Sheahan, 914 F. Supp. 202, 204-05 (N.D. Ill. 1995); Los v. Wardell, 771 F. Supp. 266, 269 (N.D. Ill. 1991).

### 2. McHenry County is not a proper defendant

A county cannot be vicariously liable for the acts of its sheriff. Moy v. County of Cook, 640 N.E.2d 926, 928-30 (Ill. 1994). McHenry County and Nygren argue that Panfil has not alleged any independent wrongdoing against McHenry County in his amended complaint, and so McHenry County must be dismissed from this action. Panfil does not respond to this argument, but the allegations in his complaint reveal that he has not alleged any cognizable conduct on the part of McHenry County.

3

Panfil alleges that the morning following his transfer to McHenry County Jail, he was taken before a magistrate, and eventually released by a McHenry County judge's order after the McHenry County Jail investigated his claims of innocence. Am. Compl. at ¶ 9. Additionally, Panfil alleges that McHenry County officials knew or should have known from Panfil's fingerprints and fingerprints available from Dale Panfil's records that Panfil was not the person named in the warrant. *Id.* at ¶ 10. While in the custody of all defendants, Panfil alleges he was denied access to medication prescribed for his recently operated throat, causing it to bleed. *Id.* at ¶ 11. McHenry County Sheriff Nygren is the warden of McHenry County Jail. *See* Moy, 640 N.E.2d at 929. Further, Nygren is responsible for hiring and training all personnel necessary to operate and maintain the jail, and directs the diagnostic, classification, and rehabilitation services and programs at the McHenry County Jail, including medical treatment. *Id.*; Freeman v. Fairman, 916 F. Supp. 786 (N.D. Ill. 1996); 55 ILCS 5/3-15003(c). Nygren is not subject to the control of McHenry County. Ryan v. County of DuPage, 45 F.3d 1090, 1092 (7th Cir. 1995); Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir. 1989). Thus, Panfil's complaint is against McHenry County Sheriff Nygren, and not McHenry County. McHenry County must be dismissed from this case.

### B.     Valid warrant, probable cause, and indefinite detention

The Fourteenth Amendment does not protect against all deprivations of liberty. Rather, it protects against deprivations without due process of law. Baker v. McCollan, 443 U.S. 137, 145 (1979). There is no unconstitutional deprivation of liberty, and thus, no cognizable claim under § 1983, if Panfil was arrested and detained pursuant to a valid warrant or probable cause. Baker, 443 U.S. at 143-46. Probable cause exists where the facts and circumstances within Ciesla's knowledge were sufficient to warrant a prudent person's belief that an offense has been committed. Edwards v.

4

Cabrera, 58 F.3d 290, 291 (7th Cir. 1995); *see* Qian v. Kautz, 168 F.3d 949, 953 (7th Cir. 1999). An arrest is not unconstitutional if the information Ciesla relied upon later proves to be wrong because probable cause is based on information available at the time of the arrest. McKinney v. George, 726 F.2d 1183 (7th Cir. 1984). In fact, Ciesla is allowed reasonable mistakes in his determination of probable cause. Brinegar v. United States, 338 U.S. 160, 176 (1949).

Panfil was arrested on a valid warrant. Thus, McHenry County and Nygren argue Panfil cannot maintain § 1983 claims, unless he can prove the police lacked probable cause to detain him despite the warrant. Panfil contends Baker is distinguishable because there the plaintiff was arrested pursuant to a warrant that named him as the suspect. Daniel Panfil was arrested on a warrant issued in the name Dale Panfil. But "aliases and false identifications are not uncommon." Hill v. California, 401 U.S. 797, 803 (1971); *see* Brown v. Patterson, 823 F.2d 167, 169 (7th Cir. 1987). Thus, McHenry County and Nygren argue that when police have probable cause to arrest a party, but reasonably mistake a second party for the first party, the arrest of the second party is valid. Hill, 401 U.S. at 802.

Panfil argues reasonable men could differ as to whether his detention by McHenry County and Nygren was proper because he readily produced identification to prove he was not the wanted suspect and pleaded that he was innocent. Panfil argues McHenry County and Nygren ignored the evidence in front of him to detain the wrong person. McHenry County and Nygren's detention of Panfil pursuant to a valid warrant was reasonable. Daniel Panfil and his brother, Dale Panfil, have similar first names, the same last name, and are the same gender and race. Panfil himself acknowledges he matched the physical description in the warrant.

Panfil asserts that the existence of a valid warrant and probable cause in this case do not bar his § 1983 claim. He argues that Baker left open the possibility that detention after a prolonged period

5

of time pursuant to a valid warrant in the face of repeated protests of innocence may support a constitutional claim. 443 U.S. at 144. Indeed, an extended detention on the basis of misidentification can sustain a § 1983 claim. Johnson v. Chicago, 711 F. Supp. 1465, 1469 (N.D. Ill. 1989); Almeida, No. 98 C 1550, 1998 WL 781109, at *4-5. These circumstances include, at a minimum, a period of detention exceeding three days and repeated claims of innocence. Baker, 443 U.S. at 144-45 (three days over holiday weekend cannot support constitutional claim); Johnson, 711 F. Supp. at 1470; Almeida, No. 98 C 1550, 1998 WL 781109, at *4-5. Panfil alleges that he protested innocence and McHenry County and Nygren held him for over three days before releasing him. Am. Compl. at ¶¶ 5-9. But officials charged with maintaining custody of the accused named in the warrant do not have a constitutional duty to "investigate independently every claim of innocence" or "perform an error-free investigation." Baker, 443 U.S. at 146; Almeida v. Sheahan, No. 98 C 1550, 1998 WL 781109, at *4 (N.D. Ill. Nov. 4, 1998).

Further, Panfil was brought before a magistrate on the morning following his transfer to McHenry County Jail. Am. Compl. at ¶ 9. He protested his innocence, and was ordered released three days later by a McHenry County judge's order pursuant to Panfil's motion and "after investigation into his claims of innocence by the Public Defender's Office and the *McHenry County Jail*." Id. (emphasis added). These allegations undermine Panfil's claim of detention without due process of law. Not only was Panfil brought before a McHenry County magistrate to plead not guilty and move for his release the morning after his transfer, but Sheriff office employees participated in an investigation into Panfil's claims, resulting in his release three days later.

### III. § 1988 [Count II]

Count II incorporates by reference the allegations of Count I and requests attorneys' fees. McHenry County and Nygren argue that because Panfil fails to allege any constitutional violation in Count I, Count II must also be dismissed. Panfil does not respond to this argument. As discussed *supra*, Panfil has failed to state a claim against McHenry County and Nygren. Because Count II incorporates by reference the defective allegations of Count I, adding only a request for reasonable attorneys' fees, it is dismissed.

### IV. State claims of wrongful arrest and detention [Count III]

Finally, because Panfil's federal claims are defective, the court will not entertain his pendent state law claims. 28 U.S.C. § 1367(c).

## CONCLUSION

The motion to dismiss is granted.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

May 25, 2001