# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 8011 | DATE | 7/20/2001 |
| CASE TITLE | PANFIL vs. CITY OF CHICAGO, ET. AL., | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff Daniel Panfil's request for leave to file a second amended complaint [20-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 23 2001 date docketed | 26 |
| | Notified counsel by telephone. | | CM docketing deputy initials | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | CD-7 FILED FOR DOCKETING | 7/20/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | 01 JUL 20 PM 6: 12 | | |
| sb | courtroom deputy's initials | Date/time received in central Clerk's Office | pg mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PANFIL | ) | |
| | ) | |
| Plaintiff, | ) | No.00 C 8011 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| CITY OF CHICAGO, ET. AL., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Daniel Panfil requests leave to file a second amended complaint against the City of Chicago ("the city"), Gerald Ciesla, individually and in his representative capacity as a Chicago police officer, Keith Nygren, individually and in his capacity as the Sheriff of McHenry County, and the County of McHenry (collectively "defendants"). In Counts I-II, Panfil sues defendants for civil rights violations by depriving him of his liberty without due process of law under 42 U.S.C. § 1983. Count I is against all defendants and Count II is against Ciesla. In Count III, Panfil sues defendants for recovery of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988. In Count IV, Panfil sues defendants for pendent state claims of wrongful arrest and detention. With one exception, on May 23 and 25, 2001, this court dismissed Panfil's constitutional claims in his amended complaint *without prejudice* and declined to retain jurisdiction over his state law claims.[1]

The court dismissed Panfil's claims against Ciesla because he had adequate state remedies to pursue his claims of wrongful arrest and detention, satisfying his federal due process claims. With

---

[1] Panfil's claims under the Fifth Amendment were dismissed with prejudice.

regard to the city, McHenry County and the McHenry County Sheriff, Panfil failed to plead his constitutional injury resulted from a municipal policy. McHenry County was also dismissed as a defendant because Panfil did not allege any cognizable conduct on its part. Finally, Panfil did not allege defendants lacked probable cause to arrest and detain him; that the city detained him for a period exceeding three days despite repeated protests of innocence; or that McHenry County and Sheriff Nygren held him without due process of law. Defendants object to Panfil's request for leave to file a second amended complaint because he has failed to remedy the defects in his first amended complaint.

## DISCUSSION

### I. Motion for leave to file an amended complaint standard

A plaintiff may amend his complaint after a responsive pleading is served only by leave of court. Fed. R. Civ. P. 15. Leave is freely given when "justice so requires." *Id.* But this rule is not absolute. Glick v. Koenig, 766 F.2d 265, 268 (7th Cir.1985). If the proposed amendment does not cure the complaint's deficiencies, there is no abuse of discretion if the amendment is denied. *Id.* The liberal amendment policy does not require that "a court engage in futile gestures." Shell Oil Co. v. Aetna Cas. & Sur. Co., 158 F.R.D. 395, 403 (7th Cir. 1994); *see* Perrian v. O'Grady, 958 F.2d 192, 193 (7th Cir. 1992). Whether an amendment to the complaint should be allowed rests in the sound discretion of the court. Jones v. Hamelman, 869 F.2d 1023, 1026 (7th Cir. 1989).

### II. § 1983 [Count I-II]

#### A. Ciesla

A due process claim for deprivation of a liberty interest is not stated if adequate state law

remedies are available. Hood v. City of Chicago, 927 F.2d 312, 314 (7th Cir. 1991); Guenther v. Holmgreen, 738 F.2d 879, 882 (7th Cir. 1984); Weber v. Village of Hanover Park, 768 F. Supp. 630, 635 (N.D. Ill. 1991); Baltz v. Shelley, 661 F. Supp. 169, 181 (N.D. Ill. 1987). Panfil's §1983 due process allegations form the basis for his pendent state claims of wrongful arrest and detention. Second Am. Compl. at ¶¶1-17, 20-22. Because he has not shown that state remedies for his §1983 due process claims are inadequate, Panfil's proposed second amended complaint is deficient.

### B. Municipal liability against the city, McHenry County, or McHenry County Sheriff Nygren

To state a §1983 claim against the city, McHenry County, or McHenry County Sheriff, Panfil must plead that his constitutional injury resulted from a municipal policy. Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 692 (1978). To do this, he must allege either that these defendants had "a widespread practice" that, although not authorized by written law or express municipal policy, was so permanent and well-settled as to constitute a "custom or usage" with the force of law. McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). Panfil now alleges:

> The fact that no police officer or other municipal employee was required to identify the plaintiff, Daniel Panfil, using fingerprints or any other conclusive form of identification, yet he was detained for a prolonged period of time, supports his allegation that a widespread governmental or public practice or policy of both the McHenry County Sheriff and the City of Chicago resulted in the violation [of his rights].

Second Am. Compl. at ¶15. Defendants argue Panfil fails to plead a specific custom, policy or practice on their part. Panfil has not even alleged the boilerplate for a municipal policy claim. Instead, he alleges a policy should have been in place to verify his identity. Panfil alleges only the

single incident of his arrest and detention. He cannot premise a municipal claim on this isolated incident. Board of County Comm'r of Bryan County, Okla. v. Brown, 520 U.S. 397, 403-06, 117 S.Ct. 1382, 1389 (1997).

### C. McHenry County and the McHenry County Sheriff

A county is not vicariously liable for its sheriff's conduct. Moy v. County of Cook, 640 N.E.2d 926, 928-30 (Ill. 1994). Panfil still has not alleged any actionable conduct on McHenry County's part in his third proposed complaint. Rather, he alleges actions taken by McHenry County Sheriff office members. Second Am. Compl. at ¶¶8-10. As Sheriff, Nygren is warden of McHenry County Jail, responsible for all personnel and programs, including medical treatment. *Id.*; Freeman v. Fairman, 916 F. Supp. 786 (N.D. Ill. 1996); 55 ILCS 5/3-15003(c). He is not under McHenry County's control. Ryan v. County of DuPage, 45 F.3d 1090, 1092 (7th Cir.1995); Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir.1989). Panfil's claim is in reality against Sheriff Nygren, not McHenry County.

Further, although Panfil attempts to sue Sheriff Nygren in his individual capacity, the proposed second amended complaint does not allege any personal involvement on his behalf. Stone-El v. Sheahan, 914 F. Supp. 202, 204-05 (N.D. Ill. 1995); Los v. Wardell, 771 F. Supp. 266, 269 (N.D. Ill. 1991). The proposed amendment is fatally defective.

### D. Valid warrant, probable cause, and indefinite detention

There is no unconstitutional deprivation of liberty and no cognizable claim under § 1983 if Panfil was arrested pursuant to a valid warrant or probable cause. Baker v. McCollan, 443 U.S. 137, 143-44 (1979). Probable cause exists where the facts and circumstances within Ciesla's knowledge at the time were sufficient to support a prudent person's belief that an offense

occurred. Edwards v. Cabrera, 58 F.3d 290, 291 (7th Cir.1995);*see* Qian v. Kautz, 168 F.3d 949, 953 (7th Cir.1999). An arrest is not unconstitutional if the information Ciesla relied upon later proves erroneous; reasonable mistakes are permitted. McKinney v. George, 726 F.2d 1183 (7th Cir.1984); Brinegar v. United States, 338 U.S. 160, 176 (1949). Panfil was arrested on a valid warrant. He cannot maintain his § 1983 claims unless Ciesla lacked probable cause to arrest him despite the warrant. Myatt v. City of Chicago, 816 F. Supp. 1259, 1266 (N.D. Ill. 1992). Panfil again fails to plead a lack of probable cause.

Daniel Panfil was arrested on a warrant issued for his brother, Dale Panfil. But "aliases and false identifications are not uncommon." Hill v. California, 401 U.S. 797, 803 (1971);Brown v. Patterson, 823 F.2d 167, 169 (7th Cir. 1987). Although Panfil now alleges he told Ciesla he was not the person named in the warrant; produced his driver's license; and his father, who was present, informed Ciesla he had the wrong person, defendants' arrest and detention of Panfil pursuant to the valid warrant remains reasonable. Second Am. Compl. at ¶¶3-5. Daniel Panfil and his brother, Dale Panfil, have similar first names, the same last name, and are the same gender and race. Panfil acknowledged in his responses to defendants' motions to dismiss that he matched the physical description in the warrant. Ciesla acted reasonably by taking him in for further investigation. Brown, 823 F.2d at 169. Because Panfil was in a car, it might have taken a long time to find him again if he were the person named in the warrant. Patton v. Przybylski, 822 F.2d 697, 699 (7th Cir.1987).

Further, law enforcement personnel do not have a constitutional duty to "investigate independently every claim of innocence" or "perform an error-free investigation." Baker, 443 U.S. at 146; Almeida v. Sheahan, No. 98 C 1550, 1998 WL 781109, at *4 (N.D. Ill. Nov. 4,

-5-

1998). Hernandez v. City of Chicago, No. 99 C 6441, 2001 WL 128246 (N.D. Ill. Feb. 9, 2001), does not change this. Hernandez states a police officer cannot ignore information he discovered that reveals his mistake and then not promptly release the arrestee from custody. In Hernandez the plaintiff, Emiliano Hernandez, was arrested for traffic violations. *Id.* at *1. He was taken into custody and processed under his name. *Id.* Because of a warrant for Enrique Hernandez, who had the same birthday and similar physical features to Emiliano, the officers held Emiliano. *Id.* Emiliano alleged in his complaint he protested he was not Enrique and his family came to the police station with copies of his passport, social security card, and resident alien card to prove this. *Id.* at *4. His family brought more documentation that night. *Id.* at *1. The court found the officers should have known there was lack of probable cause for the hold. *Id.* at *4. Panfil's allegations that he and his father protested his innocence, he produced his license, and nothing else he produced showed he was his brother Dale, do not bring him within the purview of Hernandez.

A §1983 claim may be brought for an extended detention on the basis of misidentification. Johnson v. Chicago, 711 F. Supp. 1465, 1469-70 (N.D. Ill. 1989); Almeida, 1998 WL 781109, at *4-5. At the very least, a detention period exceeding three days and repeated claims of innocence is required to sustain such a claim. *Id.*; Baker, 443 U.S. at 144-45 (three days over holiday weekend insufficient). Panfil again alleges he protested innocence, but the city held him at most two days before transferring him to McHenry County's custody. Second Am. Compl. at ¶¶2-7. This is insufficient to sustain his §1983 claims.

Panfil also alleges he protested innocence to McHenry County and Sheriff Nygren and they held him over three days before releasing him. *Id.* at ¶¶ 7-9. Officials in custody of the

accused named in a warrant are not required to investigate each protestation of innocence. Baker, 443 U.S. at 146; Almeida., 1998 WL 781109, at *4. But the morning after he was transferred to McHenry County Jail, Panfil was brought before a magistrate. Second Am. Compl. at ¶¶8-9. He pleaded not guilty, and was released three days later by a McHenry County judge's order and "after investigation into his claims of innocence by . . . McHenry County Jail." Id. These allegations continue to undermine Panfil's detention without due process of law claim.

## III.  § 1988 [Count III]

Count III requests attorneys' fees. As discussed above, Panfil has adequate state remedies to pursue his claims of wrongful arrest and detention against Ciesla, and thus his federal due process rights are satisfied. Further, Panfil again fails to state a § 1983 claim against defendants. Count III is therefore futile because it incorporates by reference the defective allegations of Counts I, adding a request for attorneys' fees.

## IV.  State claims of wrongful arrest and detention [Count IV]

Because Panfil's federal claims are defective, the court declines to retain jurisdiction over his pendent state law claims. 28 U.S.C. § 1367(c).

## **CONCLUSION**

The motion to amend the complaint a third time is denied as futile.

July 20, 2001

ENTER:

Suzanne B. Conlon
United States District Judge